ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
YASIN MOHAMMAD (Cal. Bar No. 242798)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0649
     Facsimile: (213) 894-0141
     E-mail: yasin.mohammad@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>RAMIRO GIL-GUERRA,<br>    aka "Chato,"<br>JUAN GABRIEL ANGULO-CABRERA,<br>SERGIO MERCADO-VAZQUEZ, and<br>JESUS ARMANDO CARDENAS-SELEM,<br><br>            Defendants. | No. MJ 13-889-R<br><br>ORDER ON DEFENDANT GIL-GUERRA AND ANGULO-CABRERA'S DISCOVERY MOTION; DEFENDANT GIL-GUERRA'S MOTION TO STRIKE ALIAS; AND GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY<br><br>Hearing Date: April 21, 2014<br>Hearing Time: 10:00 a.m.<br>Location:     Courtroom of the<br>              Hon. Manuel L. Real |
|---|---|

UPON THE MOTIONS OF: (1) defendant Gil-Guerra to compel discovery, which co-defendant Angulo-Cabrera joined, (2) defendant Gil-Guerra to strike the alias "Chato," and (3) the government to compel reciprocal discovery, the Court has reviewed and considered the parties filings, and heard oral argument in the matter on Monday, April 21, 2014 at 11:00 a.m., and made the following findings and orders:

Motion To Strike Alias

With reference to the motion to strike the alias, when proof of an alias is relevant to identifying the defendant or otherwise relates to the proof of the acts charged in the indictment, it is permissible for prosecution to include it in the indictment. In this case, it is alleged that the confidential informant dealt with a man who went by "Chato" and that Gil-Guerra uses the alias "Chato." This alias relates to the acts charged in the indictment and it is, therefore, permissible for the alias to be included in the indictment.

If during the course of the trial, the Government is unable to prove a connection between Gil-Guerra and the alias "Chato," the alias will then be stricken and the jury given the appropriate instruction.

So the motion is, in that respect, DENIED.

Motions to Compel Discovery

With respect to the motion to compel discovery, defendants and the Government agree on most of the requests. And the Government represents that it is in the process of complying with most of those requests. The parties do, however, disagree with respect to a few categories of discovery.

With respect to information regarding the confidential informant ("CI"), the Government represents that it will most likely call him, and will provide the defense with disclosures regarding the CI under a protective order, and that has already been done. Pretrial disclosures relating to the CI that defendants request is not required if the CI testifies at trial. United States v. Valerio, 737 F.Supp. 844, 846 (S.D.N.Y. 1990). The Government's proposal to

submit limited information regarding the CI under protective order before trial, therefore, satisfies the obligations.

With respect to tangible objects, the Government has produced or will produce everything defendants request with the exception of information relating to the recording devices. Gil-Guerra has not cited any authority that this evidence is required to be produced. This information would have little probative value and might undermine law enforcement techniques. It is sufficient that the defendants have copies of the recordings themselves.

With respect to the criminal records, this Court's order on discovery, stipulations and evidence in criminal cases requires the Government to provide defendants with a prior criminal record of defendants and a record of any felony conviction of any witness that the Government intends to call in its case-in-chief. The Government must, therefore, provide this information and has done so presently.

With respect to statements made by defendants, defendants' request is overbroad. The Government has produced all statements made by defendants when they were speaking with somebody they knew to be a Government agent. This is all that the law requires. <u>United States v. Hoffman</u>, 794 F.2d 1429, 1432 (9th Cir. 1986).

The Government and defendants make other miscellaneous requests, including a request by defendants that the Government preserve any evidence in its possession, and a request by the Government that defendants produce information relating to any expert witnesses they call.

///
///
///

The parties do not appear to dispute that they are obligated to comply with each other's requests regarding these matters and, therefore, there does not appear to be any dispute on these matters which the Court must adjudicate.

IT IS SO ORDERED.

April 28, 2014
DATE

HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
YASIN MOHAMMAD
ASSISTANT UNITED STATES ATTORNEY